Filed 2/5/25  P. v. Bejar CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063185 |
| v. | (Super. Ct. No. 23HF1051) |
| ALEJANDRO AMBRIZ BEJAR, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Thomas A. Glazier, Judge. Affirmed.

Britton Donaldson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Heather

B. Arambarri and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

Alejandro Ambriz Bejar appeals from an order denying his motion for a finding of factual innocence. The hearing on the motion was electronically recorded, but the recording equipment failed to pick up all of the trial judge's comments. Bejar contends the incomplete transcript of the hearing violated his federal and state constitutional right to an adequate record. We conclude Bejar has not met his burden of showing the record is inadequate for meaningful appellate review. Accordingly, we affirm.

RELEVANT FACTS

On June 7, 2023, the Orange County District Attorney filed a felony complaint against Bejar alleging that on May 24, Bejar committed (1) assault with a deadly weapon, (2) battery with serious bodily injury, and (3) brandishing a deadly weapon. On August 4, before the preliminary hearing, the district attorney moved to dismiss the case. The motion was granted and the case closed.

Subsequently, on August 15, Bejar moved for a finding of factual innocence. The hearing on the motion was held August 29. With defense counsel's agreement, the hearing was recorded electronically. The minutes indicated "[t]he recording equipment is functioning normally," but the transcript shows the recording equipment did not pick up all of the trial judge's comments.

Following the hearing, the trial court denied the motion. Bejar appealed.

DISCUSSION

"Under the due process and equal protection clauses of the federal Constitution's Fourteenth Amendment, and under state law, a criminal defendant is entitled to an appellate record that is 'sufficient to permit adequate and effective appellate review.'" (*People v. Elliott* (2012) 53 Cal.4th 535, 595.) "'The defendant has the burden of showing the record is inadequate to permit meaningful appellate review.'" *(Ibid.)*

Bejar argues he was denied his federal and state constitutional rights because the incomplete transcript failed to provide him with an adequate record on which he can base his appeal. Respondent contends Bejar waived any challenge based on adequacy of the record because he agreed to electronic recording, and "[p]resumably, everyone in the courtroom was aware that the [judge's] microphone was cutting out at times." Although Bejar concedes he agreed to electronic recording, he argues his agreement did not waive any right to an adequate record because he was not aware the electronic equipment was malfunctioning. We agree the record does not establish a waiver because it is not clearly established that defense counsel had contemporaneous knowledge of the malfunctioning recording equipment. Accordingly, there was no waiver of the right to an adequate record. (See *People v. Romero* (2008) 44 Cal.4th 386, 411 ["waiver denotes an express relinquishment of a known right"].)

Nonetheless, we conclude Bejar has not met his burden of showing the record is inadequate for meaningful review for two separate and independent reasons. First, the present record is sufficient for meaningful appellate review of the trial court's order denying the motion for a finding of factual innocence. Although the trial judge's microphone did not pick up all of the judge's comments, we can discern the basis for the court's ruling from the

3

attorney arguments and the judge's incomplete comments. Defense counsel argued a video-recording of the underlying incident demonstrated there was no basis for the charges because Bejar was just "defending himself, or the truck, in response to what the aggressor, or the alleged victim, is doing in this case." The district attorney agreed the recording casted doubt on who was the aggressor, which was why the charges were dismissed. However, the district attorney argued, the recording did not capture the events that preceded the incident, which provided reasonable cause for filing the charges. After finding "there are some things that probably occurred before to get to that point where they're both . . . on the video," the judge noted the "very high" bar for a finding of factual innocence. It concluded Bejar had not met that high burden. This record is sufficient for appellate review of the court's ruling, especially because the ruling is reviewed independently. (See *People v. Adair* (2003) 29 Cal.4th 895, 897 [in reviewing finding of factual innocence, appellate courts "must independently examine the record to determine whether the defendant has established 'that no reasonable cause exists to believe' he or she committed the offense charged"].) Although Bejar does not address the merits of the court's ruling, there would be reasonable cause to believe he committed a charged offense if prior events showed he was the aggressor.

Second, even if the transcript itself is insufficient, Bejar has not shown he could not have supplemented the transcript to create an adequate record. Bejar did not avail himself of numerous procedures to supplement the record including, for example, seeking permission to file a settled statement or requesting the district attorney stipulate to a statement of facts. (See, e.g., *People v. Taylor* (2010) 48 Cal.4th 574, 660 ["Where, as here, the procedures for using settled statements are used to fill in the gaps and the resulting record is 'adequate to permit meaningful appellate review" [citation], there is

no due process violation"].) Bejar asserts the district attorney would not have agreed to a settled statement or stipulation, but provides no evidence supporting this assertion, such as correspondence from the district attorney rejecting a request for a settled statement or stipulation. Accordingly, Bejar failed to meet his burden of showing an inadequate record.

DISPOSITION

The order is affirmed.

DELANEY, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

GOODING, J.

5